See Laws. Ala. 274, 267, 270.

---

### Tidence Lane *against* T. and J. Kirkman.

*July,* 1826.

IN *Franklin* County Court, *Thomas* and *James Kirkman* declared in debt against *Tidence Lane* on a note under seal, payable to *Ayres Hudspeth,* and assigned to them. The note on oyer was set out as follows: " On or before the "20th day of *November* next, for value received, I promise " to pay *Ayres Hudspeth* one hundred and twenty-six dol- " lars and thirty cents, which may be discharged with cot- " ton at the market price. Witness my hand and seal, *June* " 1st, 1822. *Tidence Lane.* | seal. |"

1st Plea, Defendant had at his house, the place where plaintiff avers that the cotton was to be delivered, $126 30 worth of cotton, at the market price, on said 20th of *No-vember,* 1822 ; viz. 3000 lbs. of baled cotton, ready to deliver to said *Hudspeth ;* but neither he, nor any other person for him lawfully authorized, came to receive the said cotton ; the plea further avers that defendant at all times since has been, and still is, ready to pay said sum in cotton at the market price, and at his dwelling-house.

2d Plea, Notice was not given by *Hudspeth,* or plaintiff's demanding said sum in cotton either at, before, or since, the time " when the said debt became due."

3d Plea avers that *Hudspeth,* before defendant had no-

---

*Margin notes:*

JULY, 1826.

Olive
v.
O'Riley.

*July,* 1826.

1, Note to pay $126 30, which may be discharged in cotton at the market price; holder not bound to demand the cotton.

2, Judgment of County Court reversed by Circuit Court. Unless Record shew matter requiring trial by Jury, Circuit Court may render such judgment as should have been rendered.

3d, Circuit Court may award certiorari returnable instanter, and on its return may try cause at same term.

tice or knowledge of the assignment, was indebted to him in $150, which he offers to set off.

4th Plea, Payment.

Demurrer and joinder to 1st and 2d Pleas. Replication and issues to 3d and 4th.

Verdict for plaintiffs ; but on the 1st and 2d pleas the County Court sustained the demurrer, and rendered judgment for defendant.

The plaintiffs prosecuted a writ of Error to the Circuit Court, at the first term of which, after filing the *Record*, on motion of the plaintiffs, a certiorari was awarded returnable immediately ; and at the same term the Circuit reversed the judgment of the County Court, and rendered judgment for the plaintiffs in the action for the amount of the debt and interest.

In the Circuit Court the defendant excepted to the order of the Court ruling him to trial at the same term at which the certiorari had been awarded.

*Lane* prosecuted a writ of Error to this Court, and assigned that the Circuit Court erred,

1, In sustaining the demurrer to the 1st and 2d pleas.

2, In rendering final judgment instead of remanding the cause to the County Court.

3d and 4th, In awarding the certiorari returnable instanter, and afterwards taking up the cause at the same term.

*Wm. B. Martin*, for plaintiff.

*Coalter*, for defendants in Error, cited 1 Bibb, Grant *v.* Graham. Mitchell *v.* Gregory. 4 Bibb, Boone *v.* Shackelford. 1 Ch. Pl. 211, 269, 282.

Judge *Saffold* delivered the opinion of the Court.

The question presented by the demurrer to the 1st and 2d pleas is, Were the plaintiffs in the action, or the obligee, bound to demand payment in cotton, or give notice that payment in that article was required, before the right of action for the money could accrue ? The contract was for the payment of a sum of money at a time stipulated, reserving to the defendant the right of making payment in cotton if he should prefer it. The plaintiffs could not claim payment in cotton, nor was the defendant bound to pay in that article. By the terms of the instrument the election was given to him, and on payment or tender of money, he would have been absolved from all farther liability. The principle contended for in argument, that in contracts for

JULY, 1826.

Tidence Lane
v.
T. & J. Kirkman.

payment of specific articles, where no place of delivery is mentioned, the residence of the debtor by legal construction is understood to be the place, is believed to be correct; but the doctrine does not apply to contracts like the present. Here it was for him to determine whether he would pay in cotton or in money, and his determination and preparation to pay in cotton, if such was the fact, rested in his knowledge alone. He was bound to make his election within the time allowed by the contract, and give notice thereof to the creditor; otherwise the obligation to pay money became absolute.

The state of the Record did not require the Circuit Court to remand the cause. All the pleas, except such as had been demurred to, had been disposed of, and the issues found for the plaintiffs. If the decision on the demurrer was correct, the Circuit Court was authorised by Statute to render final judgment.

As to the 3d and 4th assignments—When it is practicable to supply diminutions of the Record instanter, there can be no objection to doing so; and after the Record is complete, there can be no Error in refusing to delay the decision of the cause. Let the judgment of the Circuit Court be affirmed.

See *Brown* and *Parsons* against *Torver*, ante, 370.